UNITED STATES DISTRICT COURT
NORTHEN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FERNANDO CORTES, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:24-cv-02501 |
| | ) | |
| v. | ) | |
| | ) | |
| KENCO LOGISTICS SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |
| | ) | |

# COMPLAINT

Plaintiff, Fernando Cortes ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Kenco Logistics Services, LLC ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendant's race-based discrimination, race-based harassment, national origin-based discrimination, national origin-based harassment, and retaliation under Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern

Division, pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

5. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5, have occurred or been complied with.

7. Plaintiff filed a charge of discrimination on the basis of race, color, national origin, and retaliation with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

9. This Complaint has been filed within ninety (90) days of receipt of the EEOC's Dismissal and Notice of Right to Sue.

## PARTIES

10. At all times material to the allegations of this Complaint, Plaintiff, Fernando Cortes, resides in Grundy County in the State of Illinois.

11. At all times material to the allegations in this Complaint, Defendant, Kenco Logistics Services, LLC is a corporation doing business in and for Grundy County, Illinois, whose

address is 222 Airport Road, Morris, IL 60450.

12. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

13. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## BACKGROUND FACTS

14. Defendant hired Plaintiff (Mexican, Hispanic) as a forklift operator on or around February 16, 2023.

15. Defendant employed Plaintiff in this capacity until Defendant unlawfully terminated Plaintiff on or about December 22, 2023, because of his race and national origin (Mexican, Hispanic) and in retaliation for opposing unlawful discrimination.

16. Defendant subjected the Plaintiff to discrimination and a hostile work environment on the basis of his race and national origin.

17. Plaintiff is a member of a protected class because of his race and national origin.

18. Since the beginning of Plaintiff's employment with Defendant, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within his protected class.

19. Because of the Defendant's actions, Plaintiff suffered adverse employment actions, including but not limited to termination.

20. The Plaintiff met or exceeded Defendant's performance expectations during his employment, as to the best of his knowledge, he never received a write-up or negative performance remark.

21. Plaintiff can show that the adverse employment actions and the discrimination are because of his race and national origin.

22. In or around July 2023, Plaintiff applied for a leadership position with Defendant.

23. Plaintiff was told that he was "unqualified" for the position by his supervisor David Henson (US, Caucasian).

24. The position was filled by a Caucasian employee with no qualifications for the position who showed that he was not equipped for the job.

25. Despite Henson's comment about Plaintiff's qualifications, Henson assigned Plaintiff the task of training the new-hire in the leadership position.

26. Plaintiff was intentionally given less desirable work, and was constantly singled out.

27. For example, Plaintiff was told, despite his consistent, strong performance, that he "needed coaching."

28. Plaintiff, again, applied for a new position in or around October 2023 and was not selected for hire due to his race and national origin.

29. Around this same time, another employee approached Plaintiff, asking if he had been applying for positions recently.

30. When Plaintiff answered yes, that he had been applying for other positions, this employee told Plaintiff that he "might want to stop" because he overheard David say "I don't care how good he is, As long as I'm in charge, I'm going to make sure he never fucking moves up."

31. That same month another employee, Dameisha (US, African American) told

Plaintiff, "You need to get your ass back where you came from."

32. After Dameisha'a comment, she and another African American employee verbally assaulted and threatened Plaintiff.

33. Plaintiff went to David to report the incident, but David took no action and failed to escalate the complaint to the Human Resources Department ("HR").

34. After realizing HR knew nothing of the incident, Plaintiff then lodged his complaint with the HR representative, who in turn, told Plaintiff that they were "just playing."

35. HR completely dismissed Plaintiff's reports and took no remedial action to correct the offending behavior.

36. After Plaintiff voiced his concerns, the disparate treatment continued in the form of being micromanaged and held to a standard that was not applied to others outside Plaintiff's protected class.

37. Plaintiff engaged in protected activity by reporting the incident, as well as the disparate treatment he was experiencing, to Defendant's Human Resources (HR) Department.

38. However, HR, rather than investigating Plaintiff's complaints of racial and national origin-based discrimination, Defendant instead demonstrated its solidarity with the discriminatory management and did nothing to remediate the conditions or protect Plaintiff from further discrimination and hostile work environment.

39. On or about December 23, 2023 Plaintiff was abruptly told to go home.

40. During a call with Defendant's representatives later that day, Plaintiff voiced his concerns that the company favors Caucasian employees and that because of this, he was not properly assisted with his complaints.

41. Immediately thereafter Plaintiff was informed of his termination by an HR representative Angela (LNU, US, Caucasian).

42. This demonstrated a clear effort to get rid of Plaintiff in retaliation for engaging in protected activity and opposing racial and national origin-based discrimination.

43. Plaintiff was terminated on the basis of his race and national origin and in retaliation for complaining about illegal discrimination and disparate treatment.

44. Defendant failed to investigate Plaintiff's complaints and ultimately terminated his employment because of his race and national origin and in retaliation.

45. Plaintiff can show that he engaged in statutorily protected activity –a necessary component of his retaliation claim- because Plaintiff lodged complaints directly to HR.

46. Plaintiff can show that Defendant is liable for the harassment because Defendant knew or should have known of the harassment, and because it was committed by management level employees.

## COUNT I
### Violation of 42 U.S.C. § 1981
### (Race-Based Discrimination)

47. Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

48. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

49. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of

42 U.S.C. Section 1981.

50. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

51. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

52. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
**Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.**
**(Race-Based Harassment)**

53. Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

54. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of his race, and intentionally discriminated against Plaintiff based on Plaintiff's race, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

55. Defendant knew or should have known of the harassment.

56. The race-based harassment was severe or pervasive.

57. The race-based harassment was offensive subjectively and objectively.

58. The race-based harassment was unwelcomed.

59. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., due to his race, African-American.

60. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

61. As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. (Race-Based Discrimination)

62. Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

63. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

64. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

65. Defendant terminated Plaintiff's employment because of Plaintiff's race.

66. Plaintiff suffered multiple adverse actions, including termination, because of his race.

67. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

68. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

## COUNT IV
### Violation of 42 U.S.C. § 1981 (National Origin-Based Discrimination)

8

69. Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

70. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

71. Defendant's conduct against Plaintiff's national origin amounts to a pattern or practice of systemic discrimination that constitutes illegal intentional national origin-based discrimination in violation of 42 U.S.C. Section 1981.

72. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

73. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff, and Plaintiff is entitled to all legal and equitable remedies under Section 1981.

74. As a direct and proximate result of the national origin-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT V
### Violation of Title VII of the Civil Rights Act of 1964 (National Origin-Based Discrimination)

75. Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

76. By virtue of the conduct alleged herein, Defendant intentionally discriminated

against Plaintiff based of Plaintiff's national origin, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

77. Plaintiff met or exceeded performance expectations.

78. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

79. Defendant terminated Plaintiff's employment on the basis of Plaintiff's national origin.

80. Plaintiff suffered multiple adverse actions, including termination, because of his national origin.

81. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's national origin.

82. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

83. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

### COUNT VI
### Violation of Title VII of the Civil Rights Act of 1964 (National Origin-Based Harassment)

84. Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

85. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to national origin-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

86. Defendant knew or should have known of the harassment.

87. The national origin-based harassment was severe or pervasive.

88. The national origin-based harassment was offensive subjectively and objectively.

89. The national origin-based harassment was unwelcomed.

90. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., due to Plaintiff's national origin, Pakistani.

91. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

92. As a direct and proximate result of the national origin-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT VII**
**Violation of 42 U.S.C. § 2000e, et seq.**
**(Retaliation)**

93. Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

94. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq.*

95. By virtue of the foregoing, Defendant retaliated against Plaintiff based on his reporting the race-based and national origin-based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

96. As such, Plaintiff engaged in protected activity and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

97. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaints of race and national origin

discrimination and harassment, and then ultimately terminated his employment.

98. Plaintiff suffered multiple adverse actions, including termination, because he reported race and national origin based discrimination and harassment.

99. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the race and national origin-based discrimination and harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

100. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

101. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Front pay;

    d. Loss of benefits;

    e. Compensatory and punitive damages;

    f. Reasonable attorney fees and costs;

    g. Award pre-judgment interest if applicable; and

    h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 28th day of March, 2024.

> /s/ *Travis P. Lampert*
> **TRAVIS P. LAMPERT**
> Bar No. 99843
> **SULAIMAN LAW GROUP LTD.**
> 2500 S. Highland Avenue, Suite 200
> Lombard, Illinois 60148
> Phone (630) 568-3056
> Fax (630) 575 - 8188
> tlampert@sulaimanlaw.com
> *Attorney for Plaintiff*